United States District Court
Southern District of Texas
**ENTERED**
December 06, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JUSTIN BUXTON, | § | |
| (TDCJ-CID #02027038) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-19-0333 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner Justin Buxton seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a conviction in the 228th Judicial District Court of Harris County, Texas. Respondent filed a motion for summary judgment, (Docket Entry No. 7), and copies of the state court record. Respondent argues that Buxton's claim lacks merit. Buxton has filed his response. (Docket Entry No. 12). The threshold issue is whether Respondent's motion for summary judgment should be granted.

**I.    Background**

Buxton was charged with continuous sexual assault of a child. (Docket Entry No. 6-2, Clerk's Record, p. 10). The indictment alleged that Buxton:

> on or about October 15, 2007 and continuing through October 15, 2012, did then and there unlawfully, during a period of time thirty or more days in duration, commit at least two acts of sexual abuse against a child younger than fourteen years of age, including an act constituting the offense of aggravated sexual assault of a child, committed against C[] T[] on or about October 15, 2007, and an act constituting the offense of aggravated sexual assault of a child, committed against C[] T[] on or about October 15, 2012, and the

O:\RAO\VDG\2019\19-0333.c01.wpd

> Defendant was at least seventeen years of age at the time of the
> commission of each of those acts.

*Id.*

Buxton filed a Motion to Quash alleging that it failed to provide sufficient notice, failed to follow the statutory language, failed to "allege all the essential acts necessary to constitute a violation of Section 22.021 of the Texas Penal Code (Aggravated Sexual Assault)," and was "so vague and indefinite" that a judgment based on the indictment could not be used to bar a subsequent prosecution of the same offense. (Docket Entry No. 6-4, Clerk's Record, pp. 443-445).  The motion was denied. (*Id.* at 446).

A jury of the 228th Judicial District Court of Harris County, Texas found Buxton guilty of the felony offense of continuous sexual assault of a child (Cause Number 1482081).  On October 1, 2015, the jury sentenced Buxton to life imprisonment. (Docket Entry No. 6-4, p. 119).  The First Court of Appeals affirmed the judgment on July 6, 2017. *Buxton v. State*, 526 S.W.3d 666, 671 (Tex. App. – Houston [1st Dist.] 2017), *pet. ref'd*.  The Court of Criminal Appeals refused Buxton's petition for discretionary review (PDR) on December 13, 2017. *Buxton v. State*, PD-0886-17 (Tex. Crim. App. 2017).  Buxton did not file an application for a state writ of habeas corpus. (Docket Entry No. 1, p. 3).

On January 30, 2019, Buxton filed this federal petition with the assistance of counsel.  Buxton contends that his conviction is void because the indictment is fatally defective in that it "fails to allege precisely how petitioner allegedly committed the acts of aggravated sexual assault, which make up the continuous sexual abuse." (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 6).

## II.    The Applicable Legal Standards

This Court reviews Buxton's petition for writ of habeas corpus under the federal habeas statutes, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2254; *Woods v. Cockrell*, 307 F.3d 353, 356 (5th Cir. 2002); *Nobles v. Johnson*, 127 F.3d 409, 413 (5th Cir. 1997), citing *Lindh v. Murphy*, 521 U.S. 320 (1997).

Sections 2254(d)(1) and (2) of AEDPA set out the standards of review for questions of fact, questions of law, and mixed questions of fact and law that result in an adjudication on the merits. An adjudication on the merits "is a term of art that refers to whether a court's disposition of the case is substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000).  A state-court determination of questions of law and mixed questions of law and fact is reviewed under 28 U.S.C. § 2254(d)(1) and receives deference unless it "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000).  A state-court decision is "contrary to" Supreme Court precedent if: (1) the state court's conclusion is "opposite to that reached by [the Supreme Court] on a question of law" or (2) the "state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at an opposite result. *Williams v. Taylor,* 120 S. Ct. 1495 (2000).  A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 1495.  Questions of fact found by the state court are "presumed to be correct . . . and [receive] deference . . . unless it 'was based on an unreasonable determination of the facts in light of

O:\RAO\VDG\2019\19-0333.c01.wpd          3

the evidence presented in the State court proceeding.'" *Hill*, 210 F.3d at 485 (quoting 28 U.S.C. § 2254(d)(2)).

A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under section 2254(e)(1) unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

### III.    The Claim Based on a Void Indictment

In his sole claim for federal habeas relief, Buxton claims that the indictment was "fundamentally defective because it fails to allege all the essential elements of continuous sexual abuse, as set forth in Texas Penal Code § 22.02" in that it "fails to allege precisely how petitioner allegedly committed the acts of aggravated sexual assault, which make up the continuous sexual abuse." (Docket Entry No. 1-1, p. 2).   He argues that the First District Court of Appeals "misconstrued" his argument, which was that the indictment provided "no manner and means at all." (*Id.* at 3).

The sufficiency of a state indictment is not a basis for federal habeas relief unless the indictment is so defective that it deprives the state court of jurisdiction. *Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir. 1993).   A claim of insufficiency of the indictment provides a basis for federal habeas relief only when the indictment is so defective that under no circumstances could a valid state conviction result from proving the facts alleged. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988).   Sufficiency is determined by looking to the law of the state that issued the indictment. *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir. 1985).

The question of whether a defective state indictment nonetheless confers jurisdiction on a state trial court is a matter of state law. *Lavernia v. Lynaugh,* 845 F.2d 493 (5th Cir. 1988); *Bueno v. Beto,* 458 F.2d 457 (5th Cir.), *cert. denied,* 409 U.S. 884 (1972).   A 1985 amendment to the Texas Constitution provides that the "presentment of an indictment or information to a court invests the court with jurisdiction of the cause."   Texas Constitution, Art. 5, § 12(b).   This amendment applies to all indictments returned after September 1, 1985. *Id.*   The Fifth Circuit has held that "due deference must be given to the state court's interpretation of the 1985 amendment, and that alleged defects in

an indictment do not deprive the state trial courts of jurisdiction." *McKay v. Collins,* 12 F.3d 66, 68

(5th Cir.), *cert. denied,* 513 U.S. 854 (1994).

The grand jury for the 228th District Court of Harris County, Texas, returned the indictment

against Buxton on September 18, 2015. (Docket Entry No. 6-2, Clerk's Record, p. 10). The 1985

amendment applies, and this Court accords due deference to the state court's interpretation of the

1985 amendment. This Court concludes that the indictment did not deprive the state trial court of

jurisdiction.

Buxton raised his void indictment issue on direct appeal. The First Court of Appeals rejected

the claim stating:

> Sufficiency of Indictment
> In his first issue, appellant argues that the trial court erred in failing to
> quash the indictment, which did not allege the specific acts of
> aggravated sexual assault appellant committed against C.T. Appellant
> also argues that the indictment failed to allege the requisite culpable
> mental state and that the indictment's lack of specificity exposes him
> to the risk of double jeopardy.
>
> *A. Failure to Provide Adequate Notice*
> The sufficiency of an indictment is a question of law that we review
> de novo. *Smith v. State*, 297 S.W.3d 260, 267 (Tex. Crim. App.
> 2009). An accused is constitutionally entitled to notice of the charges
> against him as a matter of due process. *Id.* (citing U.S. Const. amend.
> VI and Tex. Const. art. I, § 10). The indictment must be specific
> enough to inform the defendant of the nature of the accusations
> against him so he may prepare a defense. *Id.*; *State v. Moff*, 154
> S.W.3d 599, 601 (Tex. Crim. App. 2004); *see also* Tex. Code Crim.
> Proc. Ann. art. 21.03 (West 2009) ("Everything should be stated in an
> indictment which is necessary to be proved."); Tex. Code Crim. Proc.
> Ann. art. 21.04 (West 2009) ("The certainty required in an indictment
> is such as will enable the accused to plead the judgment that may be
> given upon it in bar of any prosecution for the same offense."); Tex.
> Code Crim. Proc. Ann. art. 21.11 (West 2009) ("An indictment shall
> be deemed sufficient which charges the commission of the offense in
> ordinary and concise language in such a manner as to enable a person

of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment....").

"[A] charging instrument which tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense in most circumstances." *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996); *see Moff*, 154 S.W.3d at 602 ("[O]rdinarily, an indictment is legally sufficient if it delineates the penal statute in question."). "But when a statute defines the manner or means of commission in several alternative ways, an indictment will fail for lack of specificity if it neglects to identify which of the statutory means it addresses." *Pollock v. State*, 405 S.W.3d 396, 403 (Tex. App.—Fort Worth 2013, no pet.); *see also State v. Barbernell*, 257 S.W.3d 248, 251 (Tex. Crim. App. 2008) ("Thus, 'if the prohibited conduct is statutorily defined to include more than one manner or means of commission, the State must, upon timely request, allege the particular manner or means it seeks to establish.' ") (quoting *Saathoff v. State*, 891 S.W.2d 264, 266 (Tex. Crim. App. 1994)). The Court of Criminal Appeals has held:

> In analyzing whether a charging instrument provides adequate notice, our notice jurisprudence makes clear that courts must engage in a two-step analysis. First, a court must identify the elements of an offense. As recognized in *Gray [v. State*, 152 S.W.3d 125 (Tex. Crim. App. 2004) ], the elements, defined by the Legislature, include: the forbidden conduct, the required culpability, if any, any required result, and the negation of any exception to the offense. Next, as to the second inquiry, when the Legislature has defined an element of the offense that describes an act or omission, a court must ask whether the definitions provide alternative manners or means in which the act or omission can be committed. If this second inquiry is answered in the affirmative, a charging instrument will supply adequate notice only if, in addition to setting out the elements of an offense, it also alleges the specific manner and means of commission that the State intends to rely on at trial.

*Barbernell*, 257 S.W.3d at 255.

A complaint that an indictment fails to provide adequate facts to give notice of the offense that he is charged with is a complaint about a

defect in form. *Olurebi v. State*, 870 S.W.2d 58, 61 (Tex. Crim. App. 1994). A defect of form does not render an indictment insufficient unless the defect prejudices the defendant's substantial rights. *Id.*; *see also* Tex. Code Crim. Proc. Ann. art. 21.19 (West 2009) ("An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant."). However, the due-process requirement of notice may be satisfied by means other than the language in the charging instrument. *Smith*, 297 S.W.3d at 267; *Kellar v. State*, 108 S.W.3d 311, 313 (Tex. Crim. App. 2003). When the trial court overrules a motion to quash, the defendant does not suffer harm "unless he did not, in fact, receive notice of the State's theory against which he would have to defend." *Smith*, 297 S.W.3d at 267 (citing *Kellar*, 108 S.W.3d at 313).

Penal Code section 21.02(b) provides that a person commits the offense of continuous sexual abuse of a child if, during a period of time that is thirty days or more in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts are committed against one or more victims, and if, at the time of each of the acts, the actor is seventeen years of age or older and the victim is younger than fourteen. Tex. Penal Code Ann. § 21.02(b). Section 21.02(c) then provides that "act of sexual abuse" means any act that is a violation of one or more of eight different sections of the Penal Code, including an act of aggravated sexual assault under Penal Code section 22.021. *Id.* § 21.02(c). Section 22.021 provides five specific ways in which a person can commit aggravated sexual assault of a child, including intentionally or knowingly "caus[ing] the penetration of the anus or sexual organ of a child by any means," "caus[ing] the penetration of the mouth of a child by the sexual organ of the actor," "caus[ing] the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor," "caus[ing] the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor," and "caus[ing] the mouth of a child to contact the anus or sexual organ of another person, including the actor." *Id.* § 22.021(a)(1)(B).

Several of our sister courts have addressed the elements of the offense of continuous sexual abuse of a child in the context of determining the *actus reus* of the offense for jury unanimity purposes. The Austin Court of Appeals determined that, under the plain language of section 21.02, "it is the commission of two or more acts of sexual abuse over

the specified time period—that is, the pattern of behavior or the series of acts—that is the actus reus element of the offense as to which the jurors must be unanimous in order to convict." *Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex. App.—Austin 2010, no pet.); *see also* Tex. Penal Code Ann. § 21.02(d) ("If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse."); *Holton v. State*, 487 S.W.3d 600, 606–07 (Tex. App.—El Paso 2015, no pet.) (agreeing with *Jacobsen*); *Lane*, 357 S.W.3d at 776 (same).

The Austin Court further stated, "The individual acts of sexual abuse that make up this pattern of behavior or series of acts are not themselves elements of the offense, but are merely evidentiary facts, the manner and means by which the actus reus element is committed." *Jacobsen*, 325 S.W.3d at 737; *see Pollock*, 405 S.W.3d at 405 ("The individual sexual abuse acts alleged made up the 'series' of sexual acts that created a single element of continuous sexual assault of a child.").

Appellant argues that the indictment in this case was fatally defective because it failed to allege all essential elements of the offense of continuous sexual abuse, specifically, it failed to allege precisely how appellant committed the acts of aggravated assault against C.T.

The indictment in this case alleged:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, JUSTIN DAREN BUXTON, hereafter styled the Defendant, heretofore on or about October 15, 2007 and continuing through October 15, 2012, did then and there unlawfully, during a period of time thirty or more days in duration, commit at least two acts of sexual abuse against a child younger than fourteen years of age, including an act constituting the offense of aggravated sexual assault of a child, committed against [C.T.] on or about October 15, 2007, and an act constituting the offense of aggravated sexual assault of a child, committed against [C.T.] on or about October 15, 2012, and the Defendant was at least seventeen years of age at the time of the commission of each of those acts.

Appellant moved to quash the indictment, arguing that the indictment did not give him proper notice because it failed to allege the manner and means by which he committed aggravated sexual assault against C.T.

We agree with appellant that section 21.02 statutorily defines the manner or means of committing the offense of continuous sexual abuse of a child in several alternative ways. *See* Tex. Penal Code Ann. § 21.02(c) (defining "act of sexual abuse" as "any act that is a violation of one or more" of eight specifically enumerated sections of Penal Code); *Pollock*, 405 S.W.3d at 403 (noting that continuous sexual abuse of child defines "act of sexual abuse" element in several ways, including aggravated sexual assault, and that Penal Code "identifies several alternative means of committing aggravated sexual assault"); *see also Barbernell*, 257 S.W.3d at 255 (stating that when definition of offense provides alternative manner or means, charging instrument provides adequate notice only if, in addition to setting out elements of offense, it alleges specific manner and means of commission that State intends to rely upon at trial). Thus, to be sufficiently specific, the indictment must identify the specific "act of sexual abuse" pursuant to section 21.02(c) that the defendant allegedly committed. *See* Tex. Penal Code Ann. § 21.02(c). Here, the indictment alleged that appellant committed two acts constituting the predicate offense of aggravated sexual assault of a child against C.T. *See id.* § 21.02(c)(4) (stating that act that violates Penal Code section 22.021, prohibiting aggravated sexual assault, constitutes "act of sexual abuse").

Appellant contends that this is not sufficient and that the State had to allege in the indictment the specific manner and means by which he committed aggravated sexual assault against C.T. No other case has addressed what the State is required to allege in the indictment to provide sufficient notice of a continuous sexual abuse offense. *Cf. Pollock*, 405 S.W.3d at 404 (holding that amended indictment alleging specific means by which defendant committed "the individual sexual abuse acts of aggravated sexual assault and sexual performance by a child" provided sufficient notice, but not holding that such specificity was constitutionally required). The State, however, in arguing that it was not required to allege the specific means by which appellant committed aggravated sexual assault, points to offenses that, similar to continuous sexual abuse of a child, are defined by reference to the underlying predicate offenses.

One of the offenses the State points to is capital murder. Capital murder occurs when a defendant intentionally or knowingly causes the death of an individual plus a statutorily-defined aggravating factor. *See* Tex. Penal Code Ann. § 19.03(a) (West Supp. 2016). One of the defined aggravating factors is intentionally committing murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, obstruction or retaliation, or terroristic threat. *Id.* § 19.03(a)(2). Many of these underlying offenses, such as burglary, for example, have multiple manner and means by which the offense could be committed. *See id.* § 30.02(a) (West 2011) (providing multiple means by which person can commit offense of burglary); *id.* § 36.06(a) (West 2016) (providing multiple means by which person can commit offense of obstruction or retaliation).

Texas courts, including the Court of Criminal Appeals, have repeatedly addressed whether the State, in a capital murder indictment, is required to allege the specific elements of the underlying offense. In *Alba v. State*, in which the capital-murder defendant was charged with murder in the course of committing burglary, the Court of Criminal Appeals rejected the defendant's argument that the State should have been required to allege the elements of the underlying burglary, including the specific manner and means by which he allegedly committed burglary, in the indictment. 905 S.W.2d 581, 585 (Tex. Crim. App. 1995). The court stated, "[W]e have repeatedly held that an indictment need not allege the constituent elements of the underlying offense which elevates murder to capital murder." *Id.*; *see also Kitchens v. State*, 279 S.W.3d 733, 736 (Tex. App.—Amarillo 2007, pet. ref'd) (following *Alba* and holding, in capital murder case in which defendant was charged with murder in course of committing burglary, that "the specific theory of burglary need not be alleged in a capital murder indictment based upon the aggravating offense of burglary").

Courts have followed this rationale involving other offenses that are defined by reference to an underlying predicate offense. Penal Code section 71.02, prohibiting organized criminal activity, provides that a person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit one or more of over thirty listed offenses, ranging from "any offense classified as a felony under the Tax Code" to capital murder. *See* Tex. Penal Code Ann. § 71.02(a) (West Supp. 2016). Courts have

again repeatedly held that, in organized crime cases, the State is not required to allege in the indictment the specific manner and means by which the defendant committed the underlying predicate offense. *See Jarnigan v. State*, 57 S.W.3d 76, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *State v. Rivera*, 42 S.W.3d 323, 329 (Tex. App.—El Paso 2001, pet. ref'd); *Crum v. State*, 946 S.W.2d 349, 359 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd).

Similarly, sexual assault is generally considered a second-degree felony, but it is a first-degree felony "if the victim was a person whom the actor was prohibited from marrying ... under section 25.01." Tex. Penal Code Ann. § 22.011(f) (West 2011). Section 25.01, entitled "Bigamy," provides multiple means by which a person can commit that offense. *Id.* § 25.01(a) (West Supp. 2016). In *State v. Hernandez*, the defendant was charged with sexual assault of a child, and while the indictment specified that the complainant was a person whom the defendant was prohibited from marrying under section 25.01, the indictment did not allege *how* the complainant was a person the defendant was prohibited from marrying. 395 S.W.3d 258, 259–60 (Tex. App.—San Antonio 2012, no pet.). In reversing the trial court's order granting the defendant's motion to quash the indictment, the San Antonio Court of Appeals noted that the allegation of bigamous conduct under section 25.01 is an element of first-degree sexual assault and not merely a punishment enhancement, and, as such, it must be pled in the indictment and proven beyond a reasonable doubt at the guilt-innocence phase of trial. *Id.* at 260. In determining the pleading requirements for bigamous conduct in this context, the court considered this situation "to be similar to those when the State alleges that a person has committed capital murder or has engaged in organized criminal activity because both offenses incorporate another offense as part of their elements." *Id.* at 261. The San Antonio court held that the State was not required to plead the specific theory of bigamy under section 25.01 to give adequate notice of first-degree sexual assault under section 22.011(f). *Id.* at 262. The court concluded that by tracking the statutory language of section 22.011, including subsection (f), the indictment provided constitutionally sufficient notice of the sexual assault charge. *Id.*

In enacting the continuous sexual abuse of a child statute, the Legislature sought to penalize "the common factual scenario of an ongoing crime involving an abusive sexual relationship of a child." *Price v. State*, 434 S.W.3d 601, 607 (Tex. Crim. App. 2014) (quoting *Dixon v. State*, 201 S.W.3d 731, 737 (Tex. Crim. App. 2006)

(Cochran, J., concurring)). The prohibited act under this statute is a "repetitive course of conduct over an extended period of time." *Id.* at 608; *see also Jacobsen*, 325 S.W.3d at 737 (stating that actus reus of continuing sexual abuse of child is "the pattern of behavior or the series of acts"). To commit the offense of continuing sexual abuse, the defendant must commit two or more "acts of sexual abuse," which is statutorily defined by reference to eight different offenses under the Penal Code. Tex. Penal Code Ann. § 21.02(c). Thus, this statute, like the organized criminal activity statute, first-degree sexual assault, and one subsection of the capital murder statute, defines the offense in terms of underlying predicate offenses.

The Fourteenth Court of Appeals reached the same conclusion in *State v. Stukes* when it addressed the pleading requirements for Penal Code section 25.11, which prohibits continuing family violence. *See* 490 S.W.3d 571, 575–77 (Tex. App.—Houston [14th Dist.] 2016, no pet.). That statute provides that a person commits an offense if, during a period that is twelve months or less in duration, the person two or more times engages in conduct constituting an offense under section 22.01(a)(1)—the statute defining bodily-injury assault—against a family member or a person with whom the actor is in a dating relationship. *See* Tex. Penal Code Ann. § 25.11 (West 2011). The court noted that continuing family violence is a "distinct crime" from "simple assault" and that there is a distinction between challenging the sufficiency of the allegations of "one of the underlying offenses of assault" and "not the primary offense of continuing family violence." *Stukes*, 490 S.W.3d at 575–76.

In addressing whether the State was required to allege the manner and means of the "predicate assaults" in a continuing family violence case, the court analogized the case to organized crime cases which, as discussed above, do not require the State to allege the manner and means of the underlying offense. *Id.* The court also noted that an indictment for the offense of robbery, which is predicated on the offense of theft, did not need to allege the manner and means committing the underlying theft. *Id.* at 575 (citing *Linville v. State*, 620 S.W.2d 130, 131 (Tex. Crim. App. 1981)). Ultimately, the Fourteenth Court concluded that, when "[a]pplying the general principle that the indictment for a crime predicated on an underlying offense need not allege the elements, including the manner and means, of the underlying offense," an indictment for continuing family violence under section 25.11 "need not allege the manner and means of the underlying assaults." *Id.* at 577.

We agree with the State that the same rationale applies in this case with respect to the continuing sexual abuse of a child statute. We therefore adopt this rationale and hold that, in charging an offense for continuous sexual abuse, the State need not allege the specific manner and means by which the defendant allegedly committed the predicate offenses to provide constitutionally sufficient notice of the crime with which he is charged. *See Alba*, 905 S.W.2d at 585; *Stukes*, 490 S.W.3d at 575–77; *Hernandez*, 395 S.W.3d at 262; *Kitchens*, 279 S.W.3d at 736; *Jarnigan*, 57 S.W.3d at 92. Here, the State tracked the language of section 21.02, under which appellant was charged, and alleged that appellant committed two predicate acts of aggravated sexual assault against C.T. Although the State may choose to allege the predicate acts with specificity as to the manner and means in which they were committed, the State is not constitutionally required to do so. We hold that the indictment in this case provided constitutionally sufficient notice of the charged offense of continuous sexual abuse to appellant.

Furthermore, even if the indictment was not sufficient, standing alone, to provide notice to appellant, when analyzing whether a defendant received notice of the offense adequate to satisfy due process concerns, we are not required to look solely to the language of the charging instrument. *See Smith*, 297 S.W.3d at 267; *Kellar*, 108 S.W.3d at 313. Instead, the defendant does not suffer harm unless he did not receive notice of the State's theory against which he would have to defend. *Smith*, 297 S.W.3d at 267 (citing *Kellar*, 108 S.W.3d at 313).

In addition to the allegations in the indictment, the criminal complaint included a three-page probable cause affidavit by Sergeant J. Klafka, with the Harris County Sheriff's Office, who averred that he had reviewed the video recording of C.T.'s forensic interview. Sergeant Klafka specifically described the contents of C.T.'s forensic interview, detailing C.T.'s accusations against appellant, including appellant's acts against R.T. and his requirements that the girls perform sexual acts against each other. The State filed a notice of its intent to use C.T.'s and R.T.'s outcry statements, which included detailed summaries of an interview with B.S., C.T.'s forensic interview, C.T.'s medical examination with Dr. Donaruma, an interview with Jonna Hitchcock, R.T.'s forensic interview, and R.T.'s medical examination with Dr. Lyn Anderson. The State also filed notice of its intent to use the records from C.T.'s medical examination with Dr. Donaruma,

which included a recordation of the questions that Dr. Donaruma asked C.T. and C.T.'s responses disclosing the abuse. Furthermore, the State also filed a notice of its intent to use extraneous offenses pursuant to Rule 404 and article 38.37, which set out in detail the specific acts of aggravated sexual assault and indecency with a child that appellant allegedly committed against both C.T. and R.T.

We conclude that, when considering the indictment and the various pretrial filings by the State together, as we are authorized to do, appellant received ample notice of the State's theory of criminal liability such that he could prepare a defense. *See Bleil v. State*, 496 S.W.3d 194, 205 (Tex. App.—Fort Worth 2016, pet. ref'd) (noting, in case in which defendant was convicted as party to continuous sexual abuse and indictment specified manner and means of primary actor's acts of sexual abuse, that defendant "received ample notice of the State's theory of criminal liability" when State filed notice of complainant's outcry statements, which "paralleled her detailed trial testimony"); *Stukes*, 490 S.W.3d at 577 (holding, in continuing family violence case, that defendant "had ample notice in addition to that provided by the indictment" when prosecutor had provided defendant's counsel with offense reports and videotapes regarding two predicate assaults).

We hold that the trial court did not err in failing to quash the indictment in that appellant had adequate notice of the State's theory of criminal liability to prepare his defense.

*Buxton v. State*, 526 S.W.3d 666, 677-683 (Tex. App. – Houston [1st Dist.] 2017), *pet. ref'd*. The Texas Court of Criminal Appeals refused Buxton's petition for discretionary review.

The Fifth Circuit has noted that "the Texas Court of Criminal Appeals in declining to grant relief has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose." *McKay*, 12 F.3d at 68 (citing *Alexander v. McCotter*, 775 F.2d at 599). Buxton presented his defective indictment claim to the highest state court. That court necessarily found that the trial court had jurisdiction over the case. *McKay*, 12 F.3d at 68. This federal court finds no grounds for granting habeas relief on the claim that the indictment was

insufficient under Texas law. *Millard v. Lynaugh*, 810 F.2d 1403 (5th Cir.), *cert. denied,* 484 U.S. 838 (1987); *McKay v. Collins*, 12 F.3d at 69.

The issue is foreclosed from consideration on federal habeas review if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007); *Alexander v. McCotter*, 775 F.2d 595, 598-599 (5th Cir. 1985). Buxton "squarely presented" the sufficiency of the indictment to the Court of Criminal Appeals in Buxton's petition for discretionary review. The Texas Court of Criminal Appeals refused it. (Docket Entry No. 6-25, Petition for Discretionary Review, pp. 8-12) (Buxton's argument in Court of Criminal Appeals). By refusing Buxton's PDR, the "Texas Court of Criminal Appeals has necessarily, though not expressly" rejected on state-law grounds Buxton's challenge to the sufficiency of the indictment. *Alexander*, 775 F.2d at 598-599. Buxton's claim is without merit.

Buxton's argument is premised on a violation of state law. Buxton argues that the First District Court of Appeals erred in its attempts to analogize the indictment with capital murder, organized criminal activity, and sexual assault. (Docket Entry No. 1-1, pp. 3-4) (citations omitted). The analysis does not appear to be based on any federal law but differs in opinion in what state law requires. State law violations are not cognizable in federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

To pass constitutional muster, an indictment must "allege [ ] every element of the crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." *Hamling v. United States,* 418 U.S. 87, 117 (1974).

Although "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself," the indictment must also "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense." Buxton is apparently complaining of the absence of the "statement of facts and circumstances." But the First Court of Appeals found that Buxton received the probable cause affidavit. *Buxton*, 526 S.W.3d at 683. The probable cause affidavit provided a very specific statement of facts. (Docket Entry No. 6-2, pp. 11-13).

The indictment tracks the language of the statute. Section 21.02 says:

> (b) A person commits an offense if:
> (a) During a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and
> (b) At the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.
> (c) For purposes of this section, "act of sexual abuse" means any act that is a violation of one or more of the following laws:
> . . .
> (4) aggravated sexual assault under Section 22.021[.]

(West 2014). Section 22.021(a)(1)(B) then sets out five separate, discrete acts constituting aggravated sexual assault of a child. (West 2014); *Buxton*, 526 S.W.3d at 678. Buxton received notice of the specific statutory basis for the indictment and the facts sufficient to determine the specific allegations constituting the crime of aggravated sexual assault of a child. The notices provided to Buxton were sufficient to inform him of what he was being accused of and what specific acts he committed. "Generally," however, "an indictment that closely tracks the language under which it is brought is sufficient to give a defendant notice of the crimes with which he is charged." *United States v. Franco,* 632 F.3d 880, 884 (5th Cir. 2011). An indictment need not list every particular of the offense. Instead, it "simply needs to allege each element of the crime in a way that

allows the accused to prepare his defense and invoke the Double Jeopardy Clause in a subsequent proceeding." *Id.* at 885. The indictment closely tracks the language of Section 21.02, alleging each essential element under that statute. Moreover, Buxton will have no trouble invoking the Double Jeopardy Clause in any future proceeding, since all of the details he identifies as missing from the indictment came to light during the course of his prosecution. *See United States v. Lavergne,* 805 F.2d 517, 521 (5th Cir. 1986) ("By relying on the evidence in the record detailing exactly which charges constituted embezzlement, [the defendants] can avoid a subsequent prosecution for these same offenses."). This Court rejects Buxton's argument that the indictment was constitutionally insufficient.

Buxton failed to show that the state court determination of this claim was contrary to or an unreasonable application of clearly established Supreme Court precedent. He has not presented grounds warranting federal habeas relief. Respondent is entitled to judgment as a matter of law.

Buxton is not entitled to habeas relief on this claim.

## IV.    Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 7), is GRANTED. Buxton's petition for a writ of habeas corpus is DENIED. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

The Supreme Court has stated that the showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or

that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).   Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484.

This Court denies Buxton's petition after careful consideration of the merits of his constitutional claims.  This Court denies a COA because Buxton has not made the necessary showing for issuance.  Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on Dec. 5 _____, 2021.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE